UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRENTICE ROBINSON  (#75065)

VERSUS

KATHLEEN BABINEAUX BLANCO, ET AL

CIVIL ACTION

NUMBER 06-718-JVP-DLD

## NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, _____January 4_____, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT SKIPPER (#75027)

VERSUS                                            CIVIL ACTION

KATHLEEN BABINEAUX BLANCO, ET AL      NUMBER 06-713-JVP-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff Prentice Robinson, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Gov. Kathleen B. Blanco, Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden N. Burl Cain, and Louisiana Pardon Board Chairman Ronald Cox. Plaintiff alleged that the retroactive application of the 1974 Louisiana Constitution and the repeal of LSA-R.S. 15:571.7 violate the ex post facto clauses of the United States and Louisiana constitutions.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that he was convicted of murder and was sentenced to life imprisonment. Plaintiff alleged that because the 1974 Louisiana Constitution changed the procedure by which a prisoner is considered for commutation of sentence, the retroactive application of the 1974 Louisiana Constitution to a prisoner sentenced prior to the effective date of the 1974 Louisiana Constitution violates the ex post facto clauses of the United States and Louisiana constitutions.

Insofar as the plaintiff alleged that the retroactive application of the 1974 Constitution violates the ex post facto clause of the United States Constitution, the claim is without merit.

Article I, § 10 of the United States Constitution provides that " [n]o State shall ... pass any ... ex post facto Law." U.S. Const. art. I, § 10, cl. 1. An ex post facto law is one which imposes a punishment for an act which was not punishable at the time it was committed; or an additional punishment to that then prescribed; or changes the rules of evidence by which less or different testimony is sufficient to convict than was then required; or in relation to the offense or its consequences, alters the situation of a party to his disadvantage. *Duncan v. Missouri*, 152 U.S. 377, 382, 14 S.Ct. 570, 572 (1894). The prohibition against ex post facto laws applies only to laws that are criminal or penal in nature. *See, e.g., Smith v. Doe*, 538 U.S. 84, 92, 123 S.Ct. 1140 (2003). Even though a law may work to the disadvantage of a defendant, a procedural change is not ex post facto. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290 (1977).

Under the 1921 Constitution, the governor had authority to grant pardons and commutations of sentence upon the recommendations of the Lieutenant Governor, the

Attorney General, and the judge who presided over the conviction.[1] In 1974, Louisiana adopted a new constitution and created a Board of Pardons.[2] Under the 1974 Constitution, the governor has authority to grant pardons and commutations upon the recommendation of the Board of Pardons.[3] The 1974 Constitution does not fall within any of the *Duncan* categories, and does not constitute an ex post facto law.

Insofar as the plaintiff alleged that the repeal of LSA-R.S. 15:571.7 operates as the passage of an ex post facto law, the claim is without merit.[4]

The United States Fifth Circuit Court of Appeals has held that the repeal of LSA-R.S. 15:571.7 does not amount to a constitutional violation of the ex post facto clause, *Dunn v. Maggio*, 712 F.2d 998, 1001-02 (5th Cir. 1983), *cert. denied*, 465 U.S. 1031, 104 S.Ct. 1297 (1984), *citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100 (1979); *Garrett v. Maggio*, 685 F.2d 158, 160 (5th Cir.

---

[1] La. Const. of 1921, art. V, § 10.

[2] La. Const. of 1974, Art. IV § 5E.

[3] See also LSA-R.S. 15:572 et seq., which established the procedures to be followed by the Board of Pardons. A prisoner has the same statutory right to apply to the proper reviewing authority for executive clemency.

[4] Prior to its repeal in 1979, LSA-R.S. 15:571.7 provided as follows: Whenever a prisoner who has been convicted of a crime and sentenced to imprisonment for life, so conducts himself as to merit the approval of the superintendent of the state penitentiary he may apply for a commutation of his sentence and the application, upon the approval of the superintendent, shall be forwarded to the governor. The governor may commute the sentence upon the recommendation in writing of the lieutenant governor, attorney general, and presiding judge of the court before which the conviction was had or any two of them. No commutation under this Section shall reduce the period of incarceration to less than ten years and six months.

1982). The repealed statute did not provide for automatic consideration of commutation of life sentences by the governor and the practice was not mandated either by statute or the Constitution and therefore never acquired the effect of law. *Dunn, supra*.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without prejudice to any state law claim.

Baton Rouge, Louisiana, _January 4_, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915 of Title 28 was amended to add subsection (g) which provides the following:
 (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.