UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRENTICE ROBINSON  (#75065)

VERSUS                                                              CIVIL ACTION

KATHLEEN BABINEAUX BLANCO, ET AL            NUMBER 06-718-JVP-DLD

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 27, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRENTICE ROBINSON  (#75065)

VERSUS                                                          CIVIL ACTION

KATHLEEN BABINEAUX BLANCO, ET AL            NUMBER 06-718-JVP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed by defendants Larry Clark, Eugene "Pop" Hataway, Clement LaFleur, Jr., Kenneth A. Jones, Henry W. Powell and Gov. Bobby Jindal.  Record document number 52.  The motion is opposed.[1]

Pro se plaintiff Prentice Robinson, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Larry W. Clark, Eugene B. "Pop" Hathaway, Clement LaFleur, Jr., Kenneth A. Jones, Henry W. "Tank" Powell, Gov. Bobby Jindal, Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc and Warden N. Burl Cain.[2]  Plaintiff alleged that the retroactive application of laws, policies and practices enacted after his 1972 convictions

---

[1] Record document number 53.

[2] In the plaintiff's original pro se Complaint, he named former Gov. Kathleen Babineaux Blanco, former Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden N. Burl Cain, and Louisiana Pardon Board Chairman Ronald Cox as defendants.  Record document number 1.  Plaintiff amended his complaint to name as defendants Warden Cain and the current governor, Louisiana Department of Public Safety and Corrections secretary and Parole Board members.  Record document number 30, Amended Complaint.

violate the ex post facto clauses of both the United States and Louisiana constitutions by effectively altering or extending his prison term.

Plaintiff alleged that because the 1974 Louisiana Constitution changed the procedure by which a prisoner is considered for commutation of sentence, the retroactive application of the 1974 Louisiana Constitution to a prisoner sentenced prior to the effective date of the 1974 Louisiana Constitution violates the ex post facto clauses of the United States and Louisiana constitutions. Plaintiff further alleged that the retroactive application of laws, policies and practices relating to commutation of sentence enacted between 1992 and 2004 also violate the ex post facto clauses.

Defendants Larry Clark, Eugene "Pop" Hathaway, Clement LaFleur, Jr., Kenneth A. Jones, Henry W. Powell and Gov. Bobby Jindal moved for summary judgment[3] relying on a statement of undisputed facts, the affidavits of Eileen McCarroll and Mary Strickland, a copy of the plaintiff's clemency application dated September 1994, and copies of letters dated November 3, 1994 and August 30, 1995, from Cynthia F. Fayard, Chairman Louisiana Board of Pardons.

Defendants moved for summary judgment on the grounds that the plaintiff's claims are prescribed. Specifically, the defendants argued that any cause of action based on changes to Louisiana parole procedures which were not in effect in 1972 is prescribed. Defendants reasoned that the limitations period began to run in 1977, the date the plaintiff knew he was proceeding under procedures enacted as a result of the 1974 Louisiana Constitution. Defendants argued that by the time the plaintiff filed his suit on August 24, 2006, more than one year of the limitations period elapsed.

---

[3] Defendants Warden Burl Cain and Secretary James M. LeBlanc were not included in this motion.

## Summary judgment standard and applicable law

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Statutes of limitations exist to protect defendants against stale claims. *See, e.g., Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348-49 (1944) ("The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.") Limitation periods are "designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756 (1974).

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S.235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976). For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year. Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). Under federal law, a cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury

which is the basis of the action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980); *Longoria v. City of Bay City, Texas*, 779 F.2d 1136 (5th Cir. 1986). The limitations period begins to run when the plaintiff either is or should be aware of both the injury and its connection with the alleged acts of the defendants. *Id*. The limitation period applies to claims by prisoners based on an alleged violation of the ex post facto clause. *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006); *Brown v. Georgia Bd. Of Pardons & Paroles*, 335 F.3d 1259 (11th Cir. 2003); *Lovett v. Ray*, 327 F.3d 1181 (11th Cir. 2003).

The continuing violations doctrine, which typically arises in the context of employment discrimination, relieves the plaintiff of a limitations bar if he can show a series of related acts to him, one or more of which falls within the limitations period. *Frame v. City of Arlington*, 572 F.3d 432, 438 (5th Cir. 2009).

A continuous violation exists if: (1) the defendants engaged in continuing wrongful conduct; (2) injury to the plaintiff accrued continuously; and (3) had the defendants at any time ceased their wrongful conduct, further injury would have been avoided. *Broom v. Strickland*, 579 F.3d 553, 555 (5th Cir. 2009). A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation. *Id.*

## Analysis

In 1972, the plaintiff was found guilty of one count aggravated rape and one count attempted simple rape in Caddo Parish, Louisiana and received a life sentence on the aggravated rape count and 10 years imprisonment on the attempted simple rape count.[4]

It is undisputed that under the 1921 Constitution, the governor had authority to grant

---

[4] Affidavit Mary Strickland. Record document number 52-5.

pardons and commutations of sentence upon the recommendations of the Lieutenant Governor, the Attorney General, and the judge who presided over the conviction.[5]  In 1974, Louisiana adopted a new constitution and created a Board of Pardons.[6]  Under the 1974 Louisiana Constitution, the governor has authority to grant pardons and commutations upon the recommendation of the Board of Pardons.[7]

It is also undisputed that in 1977, pursuant to the procedures established as a result of the 1974 Louisiana Constitution, the plaintiff applied to the Pardon Board rather than the Lieutenant Governor, the Attorney General, and the judge who presided over his conviction, seeking a commutation of sentence.[8]  Plaintiff made similar applications to the Pardon Board in 1981, 1987, 1989 and 1994.[9]

The record evidence showed that the plaintiff knew or should have known of the retroactive application of the 1974 Louisiana Constitution to his sentence as early as 1977, the date he complied with the amendments by submitting his request for commutation of sentence to the Pardon Board rather than the Lieutenant Governor, the Attorney General, and the judge who presided over his conviction as required under the 1921 Constitution.

Similarly, the plaintiff knew or should have known of the retroactive application of laws, policies and practices relating to commutation of sentence enacted between 1992

---

[5]  La. Const. of 1921, art. V, § 10.

[6]  La. Const. of 1974, Art. IV § 5E.

[7]  See also LSA-R.S. 15:572 et seq., which established the procedures to be followed by the Board of Pardons.  A prisoner has the same statutory right to apply to the proper reviewing authority for executive clemency.

[8]  Amended complaint, p. 4.

[9]  *Id*. at 5.

and 1994 when he last reapplied for commutation of sentence in 1994.[10]

Consequently, the plaintiff's claims regarding the retroactive application of the 1974 Louisiana Constitution accrued in 1977. In addition, the plaintiff's claims regarding the retroactive application of laws, policies and practices relating to commutation of sentence enacted between 1992 and 1994, accrued on September 19, 1994, the date the plaintiff last reapplied for commutation of sentence. Plaintiff filed his complaint on September 25, 2006. Plaintiff's claims which arose prior to September 25, 2005, are prescribed.

Plaintiff argued that his claims are not prescribed because the defendants' actions constitute a continuing violation for the purposes of his ex post facto claim. Specifically, the plaintiff argued that the "continuous, cumulative, synergistic nature" of the conduct alleged warrants tolling of the prescriptive period. The gist of the plaintiff's argument is that his claims are not prescribed because the "cumulative effect" of the changes to the pardon process represent a distinct harm that did not accrue before 2006 when he filed suit. There is no support for this argument.

The continuing violations doctrine, which typically arises in the context of employment discrimination, relieves the plaintiff of a limitations bar if he can show a series of related acts to him, one or more of which falls within the limitations period. *Frame v. City of Arlington*, 575 F.3d 432, 438 (5th Cir. 2009).

Plaintiff did not allege "continual unlawful acts," but rather challenged the effects of the enactment of new commutation procedures following the adoption of the 1974

---

[10] It is undisputed that the plaintiff has not reapplied for commutation of sentence since the file related to his 1994 application was returned to the Pardon Board from then-Gov. Edwin Edwards' office in 1996. *See* Amended Complaint, p. 5; Plaintiff's Opposition to Defendants' Motion for Summary Judgment, p. 1. Plaintiff conceded that any statutory changes enacted since his 1994 application for commutation of sentence have not been applied to him. *Id.*

Louisiana Constitution and other modifications to commutation procedures enacted between 1992 and 2004. The procedures were in effect and utilized by the plaintiff as early as 1977. The retroactive application of each amendment to the commutation procedures constituted a discrete and independently actionable act, thereby immediately triggering the limitations period.

Plaintiff named Warden Burl Cain and Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc as defendants.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id*.; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff named Secretary LeBlanc as a defendant but failed to allege any facts against him.

As to Warden Cain, the plaintiff alleged that he filed an administrative grievance requesting that Warden Cain submit a recommendation of commutation of his life sentence to the Caddo Parish District Court as provided for under the 1921 Constitution. Plaintiff alleged that Warden Cain denied his request.

Plaintiff does not have a constitutional right to receive a favorable response to an administrative grievance. Moreover, Warden Cain was under no constitutional duty to submit a recommendation of commutation of the plaintiff's life sentence upon the plaintiff's request.

Because it is clear that the plaintiff's claims against Warden Cain and Secretary LeBlanc have no arguable basis in fact or in law the claims against them should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for summary judgment be granted. It is further recommended that the plaintiff's claims against Warden Burl Cain and Secretary James M. LeBlanc be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 27, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**